In the Matter of the Application of. the NEW YORK, LACKA-
WANNA AND WESTERN RAILWAY COMPANY, Appellant, to
Acquire Lands of HARRIET A. BENNETT et al., Respondents.

A party has no standing in court to insist upon the benefit of an order
which has, by a judgment procured by him, been declared void.

An order vacating the appointment of commissioners of appraisal in pro-
ceedings to condemn lands for railroad purposes, was by a subsequent
judgment obtained by the moving party, adjudged to be a nullity. There-
after said party made a motion based upon the order for the appoint-
ment of new commissioners and upon the hearing, with the consent of
the opposite party, and as a condition of the hearing of the motion gave
a stipulation that the judgment should be amended by striking out the
provision in reference to the order. *Held*, that the opposing party was
not estopped from appealing from the order granting the motion; that
the rule prohibiting a party from appealing from an order under which
he has accepted a benefit did not apply.

Also *held*, the appellant was not foreclosed of the right to appeal by appear-
ing, pending the appeal, before the commissioners and cross-examining
witnesses.

(Argued March 9, 1891; decided March 17, 1891.)

APPEAL from order of the General Term of the Supreme
Court in the fifth judicial department, made the first Tuesday
of January, 1891, which dismissed an appeal from an order of
Special Term appointing new commissioners of appraisal.

In May, 1883, the New York, Lackawanna and Western
Railway Company entered into a contract with Harriet A.
Bennett to purchase of her certain real estate under which it
was provided that certain persons named should be appointed
commissioners of appraisal. The commissioners named were
appointed; they made their report; the award made by them
was reversed on appeal, but the General Term refused to
appoint new commissioners on the ground of lack of power.
This decision was reversed by this court. (98 N. Y. 47.)
These proceedings were thereupon commenced. On July 11,
1887, the appointment of such commissioners was, on motion,
vacated upon the following condition: ": Upon the petitioner·
filing with the clerk of the county of· Erie a stipulation in
writing consenting to such a modification of the contract of
May 24, 1883, as will permit the court to appoint three other

suitable persons as commissioners in this proceeding; and in case the petitioner shall fail or refuse to make or file such stipulation, then the motion for the removal of such commissioners by the vacation of such order of October 23, 1883, is hereby denied."

Further facts are stated in the opinion, which is given in full:

"The motion of the respondents for the appointment of new commissioners of appraisal was based upon and assumed the validity of the order of July 11, 1887; but intermediate the making of that order and the giving notice of the motion, the respondents had obtained a judgment of the Superior Court of Buffalo adjudging that the order was a nullity, which judgment was in force when notice of the motion was given. It is manifest that the existence of this judgment was an unanswerable defense to the motion.

"The respondents had no standing to insist upon the benefit of an order which, by a judgment procured by them and upon which so far as appears they relied, had been declared to be void. This point was presented to the court by the appellant upon the preliminary hearing of the motion as an answer thereto. Thereupon the respondents stipulated that the judgment should be amended by striking out the provision therein, declaring the order of July 11, 1887, to be a nullity, and also a provision based upon that adjudication. This stipulation was given as a condition of the hearing of the motion, and having been assented to by both sides, the hearing proceeded and resulted in the granting of the motion and an order appointing new commissioners. From this last order the railroad company appealed to the General Term and, upon motion there made by the respondents, the court dismissed the appeal on the ground that the appellant had obtained an advantage by the stipulation referred to, which precluded it from appealing from the order. This appeal is from the order of dismissal.

"We are unable to perceive any just basis for the action of the General Term. The stipulation was made to remove an obstacle in the way of the respondents, which, unless removed, would necessarily defeat their motion. It was made for their

benefit and in aid of their own purposes. The appellants objected to the hearing of the motion, as they had a right to do, until this bar was taken out of the way. The respondents could have abandoned the motion and rested upon the judgment if they had chosen so to do. They could not retain the judgment and at the same time avail themselves of a right under an order which that judgment annulled. The advantage which accrued to the appellant from the modification of the judgment was incidental. The respondents could not attain their purpose without giving the stipulation, and the effect of the stipulation of necessity relieved the appellants from those provisions in the judgment covered by the stipulation.

" The rule that a party cannot appeal from an order under which he has accepted a benefit has, we think, no application. The stipulation preceded the making of the order and was a preliminary step to enable the respondents to have a hearing of the motion on the merits. They elected to abandon the judgment in their own interest and not in that of the appellant's.

" The point that the appellant has foreclosed its right of appeal by appearing before the commissioners, pending the appeal from the order and cross-examining witnesses, is not well taken. This was a reasonable precaution in view of the contingency of the affirmance of the order. The appellant might have applied for a stay of proceedings, but it was not bound to do so. (*Barker* v. *White*, 58 N. Y. 204.)

" We think the order dismissing the appeal should be reversed and the matter be remitted to the Supreme Court to hear and determine the appeal from the order on the merits."

*John G. Milburn* for appellant.

*Spencer Clinton* for respondents.

ANDREWS, J., reads for reversal.
All concur.
Order reversed.